UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TERRELL EMBRY | : |
| Plaintiff, | : CIV. NO. 3:01CV-1588 (PCD) |
| vs. | : |
| FRANK D'AMORE, ET AL | : |
| Defendants | : APRIL 23, 2004 |

### MEMORANUM IN SUPPORT OF MOTION TO SET ASIDE

**INTRODUCTION**

On April 22, 2004, counsel for the Office of the City Attorney received a telephone call from the Clerk of the United States District Court that a trial was scheduled to begin on Monday, April 26, 2004 in the above case. Counsel was informed that the complaint contained the name of a police officer as a Defendant and that because of the failure to enter an appearance, that Defendant had been defaulted and judgment entered against him. Because of this information, counsel began to research and discover what was the basis of the complaint and whether the City of Bridgeport Office of the City Attorney was responsible to represent.

BMF04076                                1

It was discovered that the action involved a current Bridgeport police officer who was performing his duty as a police officer during the events alleged in the complaint (see Exhibit "A" – Affidavit of Barbara Brazzel-Massaro).

As a result of the telephone call counsel was able to discover that the officer had not received the complaint or the subsequent motions that result in judgment (see Exhibit "B" – Affidavit of Frank D'Amore).

The Defendant has submitted an appearance of counsel on this date, responded to the complaint, and filed this motion in response to the information received on April 22, 2004.

**ARGUMENT**

**A.  It Is Questionable That The Plaintiff Made Effective Service Upon The Defendant Frank D'Amore**

Rule 4(e)(1) requires that service be made within the law of the courts of general jurisdiction for the State. Connecticut state law permits service for an individual by serving the person at his usual place of abode [§52-57(a)]. Additionally, state law permits service upon the agent for service of process of an employer who has more than fifteen (15) employees. Section 52-57(b)(2) indicates specifically that, as to the municipality, service shall be served upon its clerk or assistant clerk or upon its mayor or manager. In the instant service, the return clearly indicates that the summons was left at 300 Congress Street which is the

main police station but not the station to which this officer was assigned in 2002 (see Affidavit of D'Amore). However, under the law this is not proper service because it was not left with a specific agent for service, i.e, city clerk (see Affidavit of Barbara Brazzel-Massaro). Additionally, the Defendant, D'Amore, indicates that he did not receive the complaint.

It is also important for method of service that although the Defendant was a police officer at the time of the incident and the filing of the complaint and the service, the Plaintiff has, in paragraph 4, sued D'Amore as a police officer he claims that the suit is only in his "Individual Capacity." If the Plaintiff intends to sue in his individual capacity, then the service of the complaint requires personal service upon the officer. The leaving of the summons at 300 Congress Street with absolutely no indication of complete personal service does not satisfy Rule 4(e) for service of an individual.

In <u>American Inst. Of Certified Pub. Accountants v. Affinity Card</u>, 8 F. Supp. 2nd 372, 375 (S.D. N.Y. 1998), the court vacated a default judgment where the plaintiff failed to effectuate proper service because the court never had jurisdiction over the defendant to allow entry of the judgment.

**B.    The Plaintiff's Failure To Certify The Motion For Default To The Defendant D'Amore Violates The Federal Rules**

Rule 5(a) of the Federal Rules of Civil Procedure states:  "Except as otherwise provided in these rules, every order required by its terms to be served, every pleading subsequent to the original complaint unless the court otherwise orders because of numerous defendants, every paper relating to discovery required to be served upon a party unless the court otherwise orders, every written motion other than one which may be heard ex parte and every written notice, appearance, demand, offer of judgment, designation of record on appeal and similar paper shall be served upon each of the parties.  No service need be made on parties in default for failure to appear. . ."

This rule specifically requires that the motion which was filed by the Plaintiff requesting that a default be entered should be served upon the parties.  It is uncontroverted in reviewing the Motion for Default that the certification was provided only to Attorney Madonna Sacco.  The Defendant contends that if the Plaintiff had followed Rule 5 and provided service of the motion to the Defendant, the default and subsequently the judgment would not have entered. However, not only did counsel for the Plaintiff fail to certify the pleading to Frank D'Amore, an individual who is identified as being a Bridgeport police officer, but the Plaintiff did not make any effort to contact corporate counsel who has been involved in no less than fourteen (14)

cases, some presently active, with the law firm (Exhibit "A" – Affidavit of Barbara Brazzel-Massaro). This Court, with one call to corporation counsel, received the exact response that a telephone call placed in April of 2002 would have accomplished. This rationale of the failure to follow service under Rule 5 or to make the slightest attempt to provide notice should satisfy and justify relief pursuant to Rule 60(b)(6). If the Could should find that the service was infective and that, in accordance with Rule 60(b)(6) there is another reason to justify relief, the Court has the discretion and is not required to satisfy a time restraint to set aside the judgment.

C. **A Judgment Without Proof Of Notice Is Prejudicial To Officer D'Amore And Pursuant To Rule 60(b)(6) Should Be Vacated**

The United States District Court in Kee v. Hasting, 2004 U.S. Dist. Lexis 6385 [01CIV2123[KMW]], April 14, 2004, has set forth a policy that strongly encourages the resolution of claims on the merits rather than through a default judgment. In Springs v. Clement, 202 F.R.D. 387, 394-95 (E.D. N.Y. 2001), the default was vacated where failure to answer was attributable to bureaucratic miscommunication in the county attorney office. In Gloria Thompson v. Rocco, 2003 U.S. Dist. Lexis 1605 [02CIV0635 (JCF)], February 5, 2003, the court also vacated a default when the wrong name led to confusion.

Given the affidavit of Officer D'Amore that not only provides sufficient information to severely question liability and also the notice to him of a legal action

naming him individually, the Court should consider setting aside the judgment and permitting him to offer a defense.

In reviewing 60(b) motions, the Second Circuit has established three areas of consideration: (1) whether the default was willful; (2) whether a meritorious defense is presented; and (3) whether setting aside the default judgment would prejudice the non-moving party. <u>Enron Oil Corp. v. Diakularion</u>, 10 F.3d 90, 96 (2nd Cir. 1993); n <u>Silverman v. RTV Communs Group, Inc.</u>, 2002 U.S. Dist. Lexis 5288, Nos. 96CV7872, 97CIV0089, 97CIV1013, 97CIV1014, 2002 WL 483421 at 3 (S.D. N.Y. March 28, 2002).

In the instant action the affidavits of Frank D'Amore and counsel clearly indicate that they were not aware of a civil rights complaint and, based upon the reaction to a telephone call, it is obvious that counsel would have provided an answer and defense. It is also clear from the affidavit of Frank D'Amore that he was not the officer responsible for arrest but he was simply, to put it bluntly, the messenger who transported the suspected narcotic substance from the hospital to the Police Department and lab for evidence. There has also been absolutely no documentation or testimony to date that links him to a conspiracy.

Lastly, the Plaintiff cannot contend that he is prejudiced when there was ineffective service, a failure to certify the Motion for Default to the Defendant, or any attempt to even verbally notify counsel who has, at a minimum, three (3) current and

eleven (11) prior actions representing the Bridgeport police with the very same firm (see Affidavit of Barbara Brazzel-Massaro). Therefore, any prejudice which may exist would be of counsel's own making. Additionally, counsel for D'Amoure does not request a continuance but simply to permit the jury to determine the issue of liability as to him.

The next issue related to the 60(b) motion relates to the passage of over one year since the judgment. In accordance with 60(b), the one year time period applies to 60(b)(1)(2) and (3). This limitation is not controlling in a motion pursuant to 60(b)(6). Rule 60(b)(6) is involved where there are extraordinary circumstances justifying relief when judgment may work on extreme hardships and when the asserted grounds for relief are not recognized in (1) through (5) [Memaizer v. Baker, 783 F.2d 58, 61 (2nd Cir. 1986)]. The grounds for relief pursuant to 60(b)(6) are mutually exclusive of those that can be brought under (1) through (5).

THE DEFENDANT -- Frank D'Amore

BY: _____
**Barbara Brazzel-Massaro**
Associate City Attorney
**OFFICE OF THE CITY ATTORNEY**
999 Broad Street – 2nd Floor
Bridgeport, CT 06604
Telephone: 203-576-7647
Federal No. 05746

**CERTIFICATION**

This is to certify that a copy of the foregoing Memorandum was faxed and mailed on this 23rd day of April, 2004, to:

**Norman Pattis, Esq.**
**51 Elm Street**
**New Haven, CT 06510**

**Madonna A. Sacco, Esq.**
**Bai, Pollock, Bluewiss & Mulcahey**
**10 Middle Street, P. O. Box 1978**
**Bridgeport, CT 06604**

_____
**Barbara Brazzel-Massaro**
Commissioner of the Superior Court

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TERRELL EMBRY | : | |
| Plaintiff, | : | CIV. NO. 3:01CV-1588 (PCD) |
| vs. | : | |
| FRANK D'AMORE, ET AL | : | |
| Defendants | : | APRIL 23, 2004 |

### AFFIDAVIT

I, Barbara Brazzel-Massaro, being duly sworn, hereby depose and say:

1. I am over 18 and believe in the obligation of an oath.

2. I am making this affidavit of my own personal knowledge.

3. I am an attorney admitted to practice in the United States District Court for the District of Connecticut.

4. I am employed as an Associate City Attorney for the City of Bridgeport. I have been employed in this position since December, 1983.

5. As the Associate City Attorney, I represent the Police Department and police officers who are Defendants based upon the duties they perform as police officers.

6. For approximately the last ten years I have been the primary attorney responsible for legal actions based upon claims pursuant to 42 U.S.C. 1983 and 42 U.S.C. 1985 against Bridgeport police officers.

7. In my capacity as Associate City Attorney, in the previous eight (8) years I have been counsel for the Bridgeport police officers sued pursuant to 42 U.S.C. 1983 and 1985 in approximately fourteen (14) separate actions that were filed by the legal offices of John Williams. The list of cases is as follows:

(1) Therese DeFelice v. Vincent Ingrassia, Doc. #3:00CV01594 (JBA)
(2) Leo Felix Charles v. Zwally, et al, Doc. #98CV02033 (TPS)
(3) Leslie Eddy, et al v. City of Bridgeport, et al, 3:97CV01629 (SRU)
(4) Jose Figueroa v. Ruben Lashley, Doc. #5:90CV0440 (EBB) Judge Margolis
(5) Gabriel Garcia v. Robert Gasparri, Doc. #3:00CV01576 (JBA)
(6) Carnetta Hartley v. Roger Lameirao, et al, Doc. #3:00CV01548 (AWT)(EBB)
(7) Michael Lisi v. Richard Azzarito, et al, Doc. #3:98CV00328 (AWT)
(8) Neighborhood Enterprises United East End Community Board, Inc. v. City of Bridgeport, et al, Doc. #3:9702257 (RNC)(DFM)
(9) Peter Paszko v. J. Morales, et al, Doc. #3:03CV1001 (JCH)
(10) Rickenbacker, Inc. v. Joseph Ganim, et al, Doc. #3:01CV02433 (DJS)
(11) Maria Rodriguez v. C. Paris, et al, Doc. #3:02CV1521 (PCD)
(12) Richard Roszkowski v. Orlando Lanzante, Appeal #97-7291 – Originally (DJS)
(13) Michael Theriault v. Mark Belinkie, Doc. #93 03CV01436 (CFD)
(14) Aliksan Temesiz v. Robert Bracci, et al, Doc. #3:96CV01696 (AHN)

8. In addition, I have been a speaker or presenter of the Defendants' perspective in seminars while Attorney Williams presents a position of law of Plaintiffs to civil rights actions involving police officers.

BMF04075                                          2

9.  I have had extensive contact with the law offices of Attorney Williams as the attorney for Bridgeport police officers during the period of time from 2001 until today. However, during this time period I have not received notice by mail, including motions, by telephone call or otherwise that a legal action had been filed against a Bridgeport police officer and no appearance had been filed.

10. On April 22, 2003 at approximately 2:30 p.m. I received a telephone call from the chambers of the Honorable Peter Dorsey that a legal action involving a police officer from Bridgeport was scheduled for trial on Monday, April 26, 2004 but that a Motion for Default and Motion for Default Judgment had been entered against the officer for failure to appear. The Clerk provided me with the name of the case, the docket number and the counsel who were involved.

11. I immediately began to attempt to discover what were the allegations against the officer, what had or had not occurred in relation to the complaint, and, lastly, whether the allegations in the complaint were such that the City of Bridgeport would be responsible for legal representation and if so, why there was no appearance for the police officer.

12. I first learned that counsel for the Plaintiff was John Williams and counsel for the remaining Defendants were David Robertson and Madonna Sacco. I also learned that the police officer was Frank D'Amore.

13. I immediately called the Clerk of the Police Department to determine what, if any, legal documents he may have received as the Clerk for the Chief of Police. He had no record of a complaint being received or any other legal documentation being received regarding Terrell Embry. In addition, my office secretary, at the same time, called the City Clerk and was informed they had not received a complaint. This made sense because our office had not received it in the normal process from the City Clerk.

14. The Clerk provided me with the telephone number of the police officer named as a Defendant and I immediately called his home. He was not available and so I left a message on his answering machine to contact me.

15. Mr. D'Amore did return my call at approximately 5:30 p.m. on April 22, 2004. At this time he informed me that he was not aware of a legal action being filed against him but believed he had not violated the constitutional rights of Mr. Embry because he was solely responsible for transporting the narcotics taken from Mr. Embry to the Police Station.

16. Before talking to Mr. D'Amore, I had called Attorney Robertson and Attorney Williams and learned that the summons in Attorney Williams' file indicated that simply the complaint was left at 300 Congress Street.

17. I also learned in my discussions with both Attorney Robertson and Attorney Williams that a Motion for Default had been filed with certification only to Attorney

Madonna Sacco. No notice of the Motion for Default, Notice of Default or Motion for Judgment was provided to the Police Department, to the Defendant Frank D'Amore or the Office of the City Attorney.

18. As a result, the Defendant Frank D'Amore, expressed surprise that there was a lawsuit and a judgment entered by the Court.

19. On April 22, 2004, I made a telephone call to Attorney Williams and inquired as to why we had not received notice and his only response was that his file indicated it was legal at "300 Congress Street." He could not find any other documentation demonstrating that the police officer was made aware of the Motion for Default.

20. On April 22, 2004, I requested the complaint and motions filed in regard to this action. The Defendants represented by counsel for Bai, Pollock, Bluewiss & Mulcahey provided the complaint and the motions to counsel. I could not find any notice to the police officer as to the request or granting of a default.

21. After discussion with Police Officer D'Amore, I believe that there is a good defense and that to subject him to a judgment without the ability to present testimony to the jury is highly prejudicial.

22. The Defendant Frank D'Amore is prepared to testify and go forward with his defense on Monday, April 26, 2004.

BMF04075                                  5

*[signature]*
Barbara Brazzel-Massaro

Sworn and subscribed before me

This 23rd day of April, 2004

*[signature]*

John H. Barton
Commissioner of the Superior Court



UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TERRELL EMBRY | : | |
| Plaintiff, | : | CIV. NO. 3:01CV-1588 (PCD) |
| vs. | : | |
| FRANK D'AMORE, ET AL | : | |
| Defendants | : | APRIL 23, 2004 |

### AFFIDAVIT

I, Frank D'Amore, being duly sworn, hereby depose and say:

1.   I am over 18 and believe in the obligation of an oath.

2.   I am making this affidavit of my own personal knowledge.

3.   I am presently employed in the Bridgeport Police Department for the City of Bridgeport as a police officer.

4.   I have been employed as a police officer in the City of Bridgeport since October, 1987.

5.   At the present time, and for some time before today, I have been assigned to patrol duties outside of the main police headquarters at 300 Congress Street.

6.   On April 22, 2004, I learned for the first time that I was named in a federal lawsuit by Mr. Terrell Embry. I learned this as a result of a telephone call form the Office of the City Attorney.

BMF04074                                                         1

7. I do not recall receiving a summons, complaint or request by the attorney for the Plaintiff, Terrell Embry, that I was being sued for money damages as a result of my duties as a police officer.

8. I know that I never received a notice form any attorney that I failed to appear in the federal lawsuit and, until April 22, 2004, was not aware of any lawsuit.

9. I do know that I was dispatched as a police officer to the operating room to receive and deliver evidence from the hospital that was performing surgery upon Mr. Embry. My only duty was to bring the evidence to the Bridgeport Police Department, which I did.

10. I had no involvement in the arrest, in the investigation, or the decision to operate on Mr. Embry because of health concerns.

11. I have a good defense to this action and, if aware of a lawsuit, would have vigorously defended through counsel from the Office of the City Attorney.

_____
Frank D'Amore

Sworn and subscribed before me
this 23rd day of April, 2004

_____
John H. Barton
Commissioner of the Superior Court

BMF04074              2