UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| TERRELL EMBRY | : |
| VS. | :   NO. 3:01CV1588(PCD) |
| FRANK D'AMORE, ET AL. | :   APRIL 23, 2004 |

**BRIEF IN OPPOSITION TO MOTION TO SET ASIDE DEFAULT JUDGMENT**

The defendant D'Amore, far more than a year after a default judgment was entered against him, has moved to set that judgment aside. He states as his grounds that (1) he did not receive personal service of the Summons and Complaint herein, and (2) he did not receive a copy of the motion for default. He has failed to establish a lawful basis for the relief he is seeking, and his motion accordingly must be denied.

1. *The defendant has failed to establish inadequate service of process.*

The defendant admits that there is on file in this court a sworn affidavit by a process server that service was made upon an official of the Bridgeport Police Department who had authority to accept service on behalf of the defendant. The defendant does not even attempt to address the question whether the official who accepted service on his behalf was lying when he stated he had authority to accept. He attempts to evade the issue by stating he is a patrol officer who does

not work inside police headquarters. That begs the question, of course, whether he in fact reported daily to 300 Congress Street at the time service was made there. Like every other patrol officer in the City of Bridgeport at that time, he did.

The defendant bears the burden of establishing that the sworn return of service in this matter is false. He clearly has not done so and in fact has not even made a meaningful attempt to do so.

**2. *The defendant was not entitled to be served with a copy of the Motion for Judgment of Default.***

The defendant admits that Rule 5(a) of the Federal Rules of Civil Procedure provides: "No service need be made on parties in default for failure to appear...." He seeks to avoid this provision by arguing that he was not in default until the Motion for Default Judgment was granted. That is not the case. He was in default as soon as the applicable time period following service of process had passed without the filing of an appearance. The plaintiff filed with the Clerk of the Court a <u>Request</u> for Entry of Default and that request was granted automatically because in fact the defendant already was in default. The fact that motions were not served upon the defendant, who already was in default for failure to appear, has no meaning and is not a basis for setting aside a judgment.

**3. *The defendant's motion is barred because more than one year has elapsed since the Default Judgment entered against him.***

The defendant admits that it has been more than a year since the default judgment entered against him. He further admits that relief under Rule 60(b)(1-

3) is unavailable because of the passage of time. He argues, however, that he should be granted relief under Rule 60(b)(6), to which the one-year limitation does not apply. This argument is mistaken. The defendant's argument in fact is based on excusable neglect or mistake, a ground explicitly made available by Rule 60(b)(1). Rule 60(b)(6) does not provide a basis for an "end run" around the other portions of the rule and is limited to those "extraordinary" circumstances which go far beyond those covered by the other subsections of the rule. *E.g.*, <u>Old Republic Ins. Co. v. Pacific Fin. Servs. Of America, Inc.</u>, 301 F.3d 54, 59 (2nd Cir. 2002).

### 4. Granting the defendant's motion would work a substantial hardship upon the plaintiff and upon the court.

This case has been pending for three (3) years. The default judgment in question entered more than two (2) years ago. Discovery ended long ago. The parties trial memoranda were filed almost a year ago. A jury has been selected and the jury has been informed specifically that as to defendant D'Amore its only function will be to assess the amount of damages. Now the defendant seeks to set aside the default, reopen the proceedings, and return to a pretrial phase. Since his absence from this case plainly is his fault, and not that of the plaintiff or the other defendants, nor of the court, it would be most unfair to burden all the others in this manner.

The motion to set aside should be denied.

            Respectfully submitted:

            _____
            JOHN R. WILLIAMS (ct00215)
            Williams and Pattis, LLC
            51 Elm Street
            New Haven, CT 06510
            203.562.9931
            Fax: 203.776.9494
            E-Mail: jrw@johnrwilliams.com
            Plaintiff's Attorney

CERTIFICATION OF SERVICE

On the date above stated, copies hereof were mailed to David J. Robertson, Esq., Bai, Pollock, Blueweiss & Mulcahey, P.C., 10 Middle Street, Bridgeport, CT 06604; and Attorney Barbara Brazzel-Massaro, Office of the City Attorney, 999 Broad Street, 2nd Floor, Bridgeport, CT 06604.

_____
JOHN R. WILLIAMS